**In re NELSON.**

**No. 468 B. D.**

District Court, D. Nebraska, Hastings Division.

Feb. 14, 1941.

D. B. Massie, of Clay Center, Neb., for moving party.

Carrico & Carrico, of Hastings, Neb., for farmer-debtor.

MUNGER, District Judge.

This is a case under Section 75 of the Bankruptcy Act, 11 U.S.C.A. § 203. After proceedings under the original petition filed under Section 75, subs. a to r, the debtor filed an amended petition under Section 75, sub. s, and was adjudicated a bankrupt, and the amended petition was re-

ferred to · the conciliation commissioner. On November 19, 1940, an order was entered by the Court granting a three years' stay to the bankrupt as required by Section 75, sub. s, of the Bankruptcy Act. A creditor holding a lien upon some of the debtor's lands objects to the time fixed for the beginning of the stay, and asserts that such a stay should begin from the date of filing the amended petition by the debtor. In Borchard v. California Bank, 310 U.S. 311, 317, 60 S.Ct. 957, 960, 84 L.Ed. 1222, the Court said in reference to such cases; "orderly procedure includes an application by the debtor, such as was made in the present case, for an appraisal of the property, an order that the debtor remain in possession upon terms fair and equitable to him and to secured creditors, and the entry of a stay which will assure him of his possession for three years from the date of the order". An appraisal, as provided by Section 75, sub. s, is a prerequisite to the entry of an order granting a three year stay (Wright v. Union Central Life Ins. Co., Dec. 9, 1940, 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184; Borchard v. California Bank, 310 U.S. 311, 317, 60 S.Ct. 957, 84 L.Ed. 1222; John Hancock Mutual Ins. Co. v. Bartels, 308 U.S. 180, 185, 60 S.Ct. 221, 84 L.Ed. 176), and the appraisal is to be made after the amended petition has been filed. Borchard v. California Bank, 310 U.S. 311, 313, 60 S.Ct. 957, 84 L.Ed. 1222.

It is contended by the creditor that the stay should have begun from the date of the filing of the amended petition as a method of compelling the debtor to pay rental for the use of his property from the date of such filing. The creditor does not appear to have ever made any request to the Court for the entry of a stay order. The creditor was endeavoring, by a petition filed in August, 1939, to have the debtor's petition dismissed and to obtain permission to proceed in the state court in the enforcement of her lien. It is not believed that it is the duty of the Court to continually examine the voluminous files in the many cases pending in the different divisions of the district under Section 75 of the Bankruptcy Act, to ascertain whether or not some one of the parties may be entitled to have an order entered. As of June 1, 1940, there were 141 such cases pending in the district. The contents of the files in such cases, like the files in any other kind of action, are not automatically submitted to the Court by the mere filing with the Clerk of the Court. It is the privilege of the parties interested to apply to the court for such hearings as are deemed necessary to speed the case, (Borchard v. California Bank, 310 U.S. 311, 318, 60 S.Ct. 957, 84 L. Ed. 1222), and these applications should be in writing, filed with the Clerk of the Court, and called to the attention of the Court. The objections to the time fixed for the commencement of the three-year stay will be overruled.